ORIGINAL

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C - Atlanta

JUN 3 0 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Applicant, ) v ) ) JOHN WIELAND HOMES and ) NEIGHBORHOODS INC., ) ) Respondent ) ) | MISC. ACTION NO **1 06-MI-0203** |

## APPLICATION FOR ORDER TO SHOW CAUSE WHY THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S SUBPOENA SHOULD NOT BE ENFORCED

1   This is an action for the enforcement of the Equal Employment Opportunity Commission's (the "Applicant") subpoena duces tecum, pursuant to Section 710 of Title VII of the Civil Rights Act of 1964, 42 U S C § 2000e-9 ("Title VII").

2   Jurisdiction is conferred upon the court by Section 706(f)(3), 42 U.S C § 2000e-5(f)(3), and by Section 11 of the National Labor Relations Act, 29 U S.C § 161, as amended, incorporated in Section 710 of Title VII, 42 U S C § 2000(e)-9.

3   Applicant, the Equal Employment Opportunity Commission, is the federal agency charged with the administration, interpretation and enforcement of Title VII, including, inter alia, the investigation of charges of unlawful employment practices, and is authorized to bring this action pursuant to Section 710 of Title VII, 42 U S C

§ 2000(e) et seq.

4. Respondent, John Wieland Holmes and Neighborhoods, Inc , is a domestic corporation doing business in the State of Georgia with facilities located in Atlanta, Georgia, Tennessee, Kentucky, South Carolina and North Carolina. Respondent designs and builds high quality, planned housing communities. Respondent's corporate headquarters is located at 1950 Sullivan Road, Atlanta, Georgia 30337

5. On November 10, 2004, Charging Party, Michelle Mouser, filed a Charge of Discrimination (No. 110-2005-00496) against the Respondent In the charge, Mouser, a White female, alleges that she was forced to resign from her position as a Human Resources Representative because she opposed discriminatory employment practices regarding the hiring and/or assignment of African American sales agents within the Respondent's housing communities (See, Memorandum of Law in Support of Application for Order to Show Cause, Exhibit "A" (Mouser Charge))

6 Mouser worked as a Human Resources Representative in the Respondent's corporate headquarters. She alleges she was told that if she did not comply with the discriminatory practices against African Americans, she would be terminated Mouser complained to the Human Resources Manager and Vice President of Human Resources about the discriminatory hiring and assignment practices, but neither took any action to stop it (Id )

7. Mouser's office was located in Respondent's corporate headquarters, at 1950 Sullivan Road, Atlanta, Georgia. This is the same corporate headquarters and principal office address for at least three more of Respondent's six corporate entities, specifically, John Wieland Homes and Neighborhoods of Tennessee, Inc., John Wieland Homes and Neighborhoods of the Carolinas, Inc., and John Wieland Homes and Neighborhoods of Jacksonville, Inc.

8  On March 24, 2006, pursuant to its authority under 29 U.S.C § 161, incorporated in § 710 of Title VII, 42 U.S.C § 2000e-9, Applicant issued and served upon Respondent a subpoena duces tecum, No. AT-06-003, requiring Respondent to produce information needed as part of Applicant's investigation of Mouser's charge of discrimination  (See, Memorandum of Law in Support of Application for Order to Show Cause, Exhibit "G" (Subpoena)).

9. In Subpoena No. At-06-003, the Applicant sought information regarding Respondent's entire corporate structure, which includes facilities in Georgia, Tennessee, Kentucky, South Carolina and North Carolina.

10. The subpoena also sought information relative to Respondent's hiring of sales agents, its recruiting practices, policies and procedures, agent assignments, agent salaries, job functions and responsibilities of sales agents at its various communities, internal complaints of discrimination, and the identities of agents who voluntarily

resigned. This information specifically tracked the allegations of the charge and touched upon attendant facts relating to assignments, salaries and commissions of sales agents, and any resulting disparity in the income of African American agents steered to predominantly African American housing communities with lower priced properties.

11.     The subpoena also sought information relating to agents who had been denied or granted transfers or reassignments, and the identities of agents who resigned from employment with the Petitioner during the relevant time period.

12.     The subpoena also sought information which related to the Charging Party's alleged constructive discharge.

13.     On May 22, 2006, in response to the subpoena, Respondent submitted a Petition to Revoke or Modify the Subpoena. (See, Memorandum of Law in Support of Application for Order to Show Cause, Exhibit "H" (Petition)).

14.     Applicant considered Respondent's petition and on May 10, 2006, issued a Determination denying Respondent's Petition to Revoke or Modify the Subpoena.

15.     On May 22, 2006, Respondent served Applicant with a Request for Reconsideration of the Determination of the Petition to Revoke or Modify Subpoena.

16.     On May 30, 2006, Applicant denied Respondent's request for reconsideration of its Petition to Revoke or Modify the Subpoena.

17     As of June 27, 2006, Respondent has refused to comply with Subpoena No. AT-06-003 (See, Exhibit A, Affidavit of Bernice Williams-Kimbrough, District Director, attached hereto and incorporated by reference).

WHEREFORE, Applicant, Equal Opportunity Employment Commission, requests.

(1)    That this Court issue an Order directing Respondent to appear before this Court, and show cause, if there be any, why an Order should not be issued directing Respondent to comply with the subpoena,

(2)    That upon return of this Order to Show Cause, an Order issue directing Respondent to comply with the subpoena; and

(3)    That the Equal Employment Opportunity Commission be granted its costs and such further relief as may be necessary and appropriate

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

DATED: June 30, 2006

ROBERT DAWKINS
Regional Attorney
Michigan Bar No. P-38289

LAKISHA DUCKETT
Trial Attorney
Georgia Bar No 231641

ATLANTA DISTRICT OFFICE
100 Alabama Street, Room 4R30
Atlanta, Georgia 30303
Telephone: (404)562-6815